UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | No. 2:09-CR-52 |
| ) | |
| ANTONIO B. GAINES ) | |
| SOMMER L. WRIGHT ) | |

**REPORT AND RECOMMENDATION**

The defendant Wright has filed a motion to suppress a written statement she signed at the police station several hours after her arrest on March 28, 2009. (Doc. 40).[1] She asserts in her motion that the written statement is untrue, and that she signed it without reading it.

Three witnesses addressed this issue. One of the arresting officers, Chesney Griffin, testified that Sommer Wright appeared to be "under the influence" at the time of her arrest at the motel. According to Griffin, as she was escorting Wright to a patrol car, Wright was yammering, "I'll give you names, I'll tell you everything," in a constant, albeit haphazard stream. Officer Griffin believed that Wright was under the influence of "something". Griffin told Ms. Wright that she later would have an opportunity to talk to another officer. That opportunity came some time later, at the Bristol Police Station. She was interviewed by detectives David Graham and Ginger Crowe, neither of whom participated in the search of the motel room or the arrest of the defendants. Contrary to the earlier observation of Officer

---

[1] Reference is made to Report and Recommendation (Doc. 56), for a recitation of the facts concerning the search of a motel room that culminated with Ms. Wright's arrest.

Griffin, Detectives Graham and Crowe testified that Ms. Wright appeared calm, coherent, intelligent, and responded appropriately to all questions. Wright appeared to have been crying at some earlier time, but neither would that be unexpected in light of the legal difficulty in which she then found herself.

Detective Graham read a *Miranda* warning to Ms. Wright, and Ms. Wright signed it (Exhibit 1). She thereafter submitted to an interview with the detectives that lasted anywhere from forty-five minutes to an hour. Detective Graham made notes, from which he prepared a written statement, which he gave to Ms. Wright to read. She read it, and then signed it.

It is Ms. Wright who has the burden of proving by a preponderance of the evidence that she was incapable of understanding her constitutional rights, or that she was coerced into speaking with the officers or, as she claims here, into signing an untrue statement.

In light of Ms. Wright's claim that her statement was not voluntarily made or untrue, or both, due to her mental state or (by implication the coercive environment) the United States has the burden of proving by a preponderance of the evidence that her statement indeed was voluntary. *U.S. v. Johnson*, 351 F.3d 254, 260 (6th Cir. 2003).

There is no evidence from which this court could conclude that Ms. Wright was in such an agitated or anxious state of mind, and thereby so bereft of her senses, that she did not understand her constitutional rights as enunciated in these *Miranda* warnings given to her by Detective Graham. As far as her claim that she was effectively coerced, this court must find (1) that the police conduct was objectively coercive, (2) the coercion was sufficient to overbear the defendant's will and the police misconduct was the crucial motivating factor in

2

the defendant's decision to make (and sign) the statement. *Id*.

The United States has carried its burden. There was nothing objectively coercive about the environment in which Ms. Wright found herself at the time of her statement. To be sure, she was at the police station, but that fact alone does not amount to coercion. If it did, interrogations at the police station would forever cease as being utterly futile undertakings. Moreover, both detectives Graham and Crowe were dressed in T-shirts, Bermuda shorts, and tennis shoes. Although armed, their firearms were under their shirts. The actual setting of the interrogation was the Police Station's break room, containing a table, chairs, vending machines, and the like. There was no misconduct by either Detective Graham or Detective Crowe.

It is respectfully recommended that Ms. Wright's motion to suppress her statement (Doc. 40) be denied.[2]

Respectfully submitted,

                                                s/ Dennis H. Inman
                                            United States Magistrate Judge

---

[2]Any objections to this report and recommendation must be filed within ten (10) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).